WO                                                                                      KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Freeman, | No.  CV 18-1015-PHX-JAT (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Benjamin Freeman, who is currently confined in the Arizona State Prison Complex-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 39.)   In an August 2, 2021 Order, the Court granted summary judgment in favor of Defendants based on Plaintiff's failure to properly exhaust available administrative remedies and directed the Clerk of the Court to enter Judgment.  (Doc. 111.)  The Clerk of the Court entered Judgment the next day.  (Doc. 112.)

Pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 114) and Plaintiff's Motion for Entry of Judgment (Doc. 115).  After Plaintiff filed these Motions, he filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Doc. 116).

**I.     Plaintiff's Motion for Reconsideration**

As an initial matter, Plaintiff's Notice of Appeal does not divest the Court of jurisdiction to consider Plaintiff's Motion to the extent it was filed pursuant to Rules 59(e) or 60 of the Federal Rules of Civil Procedure.  *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it

1    disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a

2    judgment or order, in whole or in part, when the order disposing of the last such remaining

3    motion is entered.").

4         Rule 60(b), which sets forth the grounds for relief from judgment, "provides for

5    reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect;

6    (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged

7    judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist.*

8    *No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation

9    omitted).  The moving party bears the burden of proving the existence of a basis for Rule

10   60(b) relief.  *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).  Although the

11   moving party's factual allegations are to be accepted as true, mere legal conclusions,

12   general denials, or simple assertions are insufficient to justify overturning the underlying

13   judgment. *Id.*

14        "[A] party merits relief under Rule 60(b)(6) if he demonstrates 'extraordinary

15   circumstances which prevented or rendered him unable to prosecute his case." *Cmty.*

16   *Dental Servs. v. Tani*, 282 3d 1164, 1168 (9th Cir. 2002).   To show extraordinary

17   circumstances, the party must "demonstrate both injury and circumstances beyond his

18   control that prevented him from proceeding with the prosecution or defense of the action

19   in a proper fashion." *Id.*

20        Moreover, "[a] Rule 59(e) motion should not be granted 'unless the district court is

21   presented with newly discovered evidence, committed clear error, or if there is an

22   intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014

23   (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en

24   banc)).

25        In his Motion for Reconsideration, Plaintiff argues that the Court did not consider

26   Plaintiff's evidence that "he exhausted his available administrative remedies as to his

27   claims against Lopez, Reyes and Keefe on December 5, 2017 when he submitted his

28   appeals to the Director and that he was prevented from exhaustion of the Grievance

1    Appeals d[ue] to Frisbee's departure . . . from Manzanita Unit." (Doc. 114 at 1-2.)

2    Contrary to Plaintiff's contentions, the Court addressed these arguments, which

3    Plaintiff made in response to the Motion for Summary Judgment, and despite consideration

4    of the arguments, did not find that Plaintiff demonstrated that had exhausted his available

5    administrative remedies or that his administrative remedies were effectively unavailable to

6    him as to his claims against Lopez, Reyes and Keefe. (*See* Doc. 111 at 11-12.)  Plaintiff's

7    disagreement with the Court's Order is not a proper basis for reconsideration.  Accordingly,

8    Plaintiff's Motion for Reconsideration will be denied.

9    **II.     Motion for Entry of Judgment**

10   In his Motion for Entry of Judgment, Plaintiff contends that although the Court

11   dismissed his claims without prejudice for failure to properly exhaust available

12   administrative remedies, the Clerk's Judgment states that the case is dismissed with

13   prejudice. (Doc. 115.)  Plaintiff requests that this clerical error be corrected.

14   "The court may correct a clerical mistake or a mistake arising from oversight or

15   omission whenever one is found in a judgment, order, or other part of the record.  The court

16   may do so on motion or on its own, with or without notice.  But after an appeal has been

17   docketed in the appellate court and while it is pending, such a mistake may be corrected

18   only with the appellate court's leave." Fed. R. Civ. P. 60(a).

19   Plaintiff's Motion will be granted and the Court will direct the Clerk of the Court to

20   amend the Judgment to reflect that Plaintiff's claims and this action were dismissed without

21   prejudice for failure to properly exhaust available administrative remedies.[1]

22   **IT IS ORDERED:**

23   (1)     The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion

24   for Reconsideration (Doc. 114) and Plaintiff's Motion for Entry of Judgment (Doc. 115).

25

26

27

28   [1] Although Rule 60(a) requires that the Court seek leave of the appellate court to correct a clerical error, because Plaintiff's Notice of Appeal is not yet effective, the Court may correct the clerical error without first seeking leave. *See* Fed. R. App. P. 4(a)(4)(B)(i).

1   (2) Plaintiff's Motion for Reconsideration (Doc. 114) is **denied**.

2   (3) Plaintiff's Motion for Entry of Judgment (Doc. 115) is **granted** as follows:

3 the Clerk of the Court **must amend the Judgment** (Doc. 116) to reflect that Plaintiff's

4 claims and this action were dismissed without prejudice for failure to properly exhaust

5 available administrative remedies.

6   Dated this 28th day of September, 2021.

7

8

9

10            James A. Teilborg
             Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28